TIMOTHY COURCHAINE
United States Attorney
District of Arizona
ROBERT A. FELLRATH
Assistant U.S. Attorney
Arizona State Bar No. 039246
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: Robert.Fellrath@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 22-1320-02-TUC-JAS |
| Plaintiff, | |
| vs. | Government Sentencing Memorandum |
| Miguel Angel Inzunza-Aceves, | |
| Defendant. | |

Now comes the United States of America, by and through its attorneys undersigned, and submits the following regarding the above-captioned defendant's sentencing:

1. This matter is set for sentencing on March 26, 2024 before the Honorable James A. Soto.

2. Having reviewed the findings and recommendation in the Presentence Investigation Report (PSR), the government has no objection to the guideline calculations listed therein.

3. Application of the Plea Agreement: The plea agreement contemplated acceptance of responsibility and did not contemplate that the defendant would obstruct justice post-change of plea. Nevertheless, the government must stand by the plea agreement it offered in this matter as there is no applicable withdrawal language for this scenario.

4. The Offense Conduct: The defendant was part of a conspiracy to traffic firearms and ammunition to Mexico. PSR, ¶ 7. The defendant was arrested with co-defendant Jose Gilberto Inzunza on May 18, 2022 at the Mariposa Port of Entry attempting to enter

Mexico. The defendant was in possession of 1,000 rounds of 5.56-caliber ammunition, two 5.56-caliber rifles, and two magazines. Additionally, agents found a receipt showing the defendant purchased a 9mm firearm, a PMR30, 9mm ammunition, another box of ammunition, a holster, and a magazine on April 12, 2022. PSR, ¶ 17. The defendant admitted that he intended to smuggle the firearms and ammunition to Mexico to pay off a debt. PSR, ¶ 18. Co-defendant Jose Gilberto Inzunza stated that he purchased the firearms and ammunition with the defendant and that he had made prior weapons purchases with the defendant. Co-defendant Inzunza stated that he could make greater profit by selling the items in Mexico. PSR, ¶ 19.

5. The defendant has no criminal history. However, it is noteworthy that, after his guilty plea in the instant case, the defendant committed the offenses of conspiracy to possess with intent to distribute fentanyl, possession with intent to distribute fentanyl, and possession of a firearm in furtherance of a drug trafficking offense. *See* CR-24-07354-TUC-JCH (MAA), docket entry 15 (indictment). At the time of this memorandum, he is pending trial on those new charges.

6. As noted above, the defendant performed poorly while on pretrial release. The defendant briefly absconded to Mexico and then returned on June 15, 2022, based on his use of marijuana for which he tested positive on June 23, 2022. On January 9, 2023, following his change of plea, the defendant absconded, and the Court issued an arrest warrant. The defendant was arrested on September 24, 2024 by DEA agents when he attempted to sell fentanyl powder to a DEA confidential source while he was armed with a firearm.

7. The government's hands are tied by the plea agreement in this case. Therefore, the government reluctantly recommends a sentence of 37 months imprisonment, to be followed by three years of supervised release. This represents the low end of the stipulated guideline range agreed to by the prior counsel. This case is replete with aggravating factors, including the offense, the trafficking of deadly weapons and ammunition to likely criminal

actors in Mexico. The defendant claimed to be paying off a debt, but his self-reported financial situation appeared stable, such that he would not have to resort to weapons trafficking to resolve the debt. PSR, ¶ 66. The defendant's performance after his change of plea is extremely troubling. The government is aware that the Court frequently considers a variance below the stipulated range to reach a just sentence. No such variance would be warranted here. The defendant is already receiving a gigantic windfall with his plea agreement. No additional variance is appropriate.

Respectfully submitted this 18th day of March, 2025.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

*s/ Robert A. Fellrath*
ROBERT A. FELLRATH
Assistant U.S. Attorney

Copy of the foregoing served electronically or by
other means this 18th day of March, 2025, to:

Nancy Arce, Esq.